**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| GUGLY, INC, d/b/a PIONEER PROPERTY | ) | |
| ADVISORS, GREGORY E. SORG, STACY SORG, | ) | |
| KAMILLE JOHNSON HODGES, a minor, by and | ) | |
| through her mother and next friend, KEARRA HODGES, | ) | |
| and KEARRA HODGES, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by its undersigned attorneys, brings this Complaint for Declaratory Judgment against Defendants, GUGLY, INC, d/b/a PIONEER PROPERTY ADVISORS ("Gugly"), GREGORY E. SORG, STACY SORG, KAMILLE JOHNSON HODGES, a minor, by and through her mother and next friend, KEARRA HODGES, and KEARRA HODGES individually, and alleges and states as follows:

### STATEMENT OF THE CASE

1.      Scottsdale brings this insurance coverage action to obtain a judicial declaration that it does not have the duty to defend or indemnify Gugly or the Sorgs in connection with a pending lawsuit in the Circuit Court of Cook County entitled, *Kamille Johnson Hodges, et al v. Gugly Inc., et al.*, Case No. 2025L007049 ("Underlying Lawsuit"). Due to Lead Contamination exclusions in each of the applicable policies, there is no coverage for the Underlying Lawsuit, which arises from Johnson Hodges' alleged ingestion of lead-based paint.

### THE PARTIES

2.      Plaintiff, Scottsdale, is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

3. Defendant Gugly is an Illinois corporation, with its principal place of business in Chicago, Illinois.

4. Each of Defendants Gregory E. Sorg and Stacy Sorg is an Illinois citizen.

5. Defendant Kamille Johnson Hodges was at all relevant times, and is now, a minor who resides with her mother, Defendant Kearra Hodges in Chicago, Illinois. Both Johnson Hodges and Ms. Hodges are Illinois citizens. They are named as defendants here due to their status as the plaintiffs in the Underlying Lawsuit.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over all parties, pursuant to 28 U.S.C. § 1332(a), since the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different states.

7. Venue is appropriate under 28 U.S.C. § 1391(b)(1), as the parties conduct business or reside in this district and the coverage dispute arises from events that occurred in this district.

8. An actual justiciable controversy exists between Scottsdale, on the one hand, and the defendants, on the other hand, and by the terms and provisions of Federal Rules of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## RELEVANT POLICY PROVISIONS

9. Scottsdale issued the following insurance policies to Gugly ("Policies"). Each of the Policies, true and correct copies of which are attached hereto and incorporated herein as **Group Exhibit A1 to A3**, contains the same relevant provisions.

- CPS7471209, effective 11/25/2021 to 11/25/2022

- CPS7688163, effective 11/25/2022 to 11/25/2023

- CPS7897528, effective 11/25/2023 to 11/25/2024

10.     Each of the Policies contains the following insuring agreement applicable to "bodily injury" liability coverage (Coverage A):

1.      **Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply….

* * *

11.     Each of the 2021-2022 and 2022-2023 policies contains a Lead Contamination Exclusion Endorsement (UTS-267G (05-98)), which states:

This policy does not apply to:

1.      Any damages arising out of the ingestion, inhalation or absorption of lead in any form.

2.      Any loss, cost or expense arising out of any:

**(a)** Request, demand or order that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of lead; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of lead.

12.     The 2023-2024 Policy contains an Exclusion– Designated Chemicals, Compounds, Energy, Material or Substances Endorsement (UTS-632 (03-23)), which states:

This insurance does not apply to:

* * *

7.      **Lead Contamination**

(a)     "Bodily injury" … arising out of, caused by, based on, or in any way related to the actual, alleged, threatened, or suspected

inhalation of, ingestion of, contact with, exposure to, existence of, or presence of lead in any form.

(b)    Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of lead by any insured or by any other person or entity.

## UNDERLYING COMPLAINT

13.    On June 2, 2025, Kearra Hodges filed a Complaint in the Underlying Lawsuit, generally alleging that Johnson Hodges, her daughter, sustained bodily injuries due to ingesting lead paint while they were tenants in property owned by Gugly and the Sorgs in Chicago, Illinois ("Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit B**.

14.    The Underlying Complaint more specifically alleges that the Hodges rented the property from Gugly between October 20, 2022 and October 28, 2024, and there turned out to be lead paint throughout the property. It is specifically alleged that the defendants allowed the property to fall into disrepair such that lead paint began flaking, failed to warn of hazardous conditions, and failed to inspect for and remove lead point.

15.    The Underlying Complaint asserts seven counts against Gugly and the Sorgs for Premises Liability, Negligence, and Damages under the Family Expense Act.

16.    Scottsdale is defending Gugly and the Sorgs in the Underlying Lawsuit pursuant to a full and complete reservation of rights to disclaim a duty to defend and indemnify and to withdraw from their defense.

## GROUNDS FOR DECLARATORY JUDGMENT

17.    Scottsdale incorporates by reference Paragraphs 1-16 above as Paragraph 17 as if fully stated herein.

18.     The Policies' Lead Contamination Exclusion precludes coverage for any claims of bodily injury or for damages arising out of the ingestion of lead.

19.     Because the Underlying Complaint is premised entirely on Johnson Hodges' ingestion of lead-based paint, the Policies' Lead Contamination Exclusion bars all coverage for the Underlying Lawsuit, including a duty to defend Gugly and Sorgs.

20.     Since Scottsdale has no duty to defend Gugly or the Sorgs in connection with the Underlying Lawsuit, Scottsdale necessarily has no duty to indemnify them in connection with the Underlying Lawsuit under the Policies.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A.      Scottsdale Insurance Company has no duty under the Policies to defend Gugly in connection with the Underlying Lawsuit;

B.      Scottsdale Insurance Company has no duty under the Policy to indemnify Gugly in connection with the Underlying Lawsuit;

C.      Scottsdale Insurance Company has no duty under the Policies to defend Gregory E. Sorg in connection with the Underlying Lawsuit;

D.      Scottsdale Insurance Company has no duty under the Policy to indemnify Gregory E. Sorg in connection with the Underlying Lawsuit;

E.      Scottsdale Insurance Company has no duty under the Policies to defend Stacy Sorg in connection with the Underlying Lawsuit;

F.      Scottsdale Insurance Company has no duty under the Policy to indemnify Stacy Sorg in connection with the Underlying Lawsuit;

G.      Grant any other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATE: December 17, 2025

Respectfully submitted,

By:    /s/ Jonathan L. Schwartz
        Attorney for Plaintiff

Jonathan L. Schwartz (ARDC #6287338)
FREEMAN MATHIS & GARY, LLP
33 North Dearborn Street, Suite 1430
Chicago, IL 60602
Tel: (773) 389-6440
Jonathan.schwartz@fmglaw.com