UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GUGLY, INC., d/b/a PIONEER PROPERTY ADVISORS, GREGORY E. SORG, STACY SORG, KAMILLE JOHNSON HODGES, a minor, by and through her mother and next friend, KEARRA HODGES, and KEARRA HODGES, individually,<br><br>Defendants. | No. 25 C 15337<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Kearra Hodges filed a complaint alleging that her daughter sustained bodily injuries due to ingesting lead paint while they were tenants in a property owned by Gugly, Inc. ("Gugly") and Gregory and Stacy Sorg (together, "the Sorgs") and insured by Scottsdale Insurance Company ("Scottsdale"). Scottsdale subsequently filed a complaint for declaratory judgment before this Court seeking a judicial declaration that it does not have the duty to defend or indemnify Gugly or the Sorgs due to lead contamination exclusions in the relevant insurance policies. R. 1. Scottsdale now moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). R. 23. For the following reasons, the Court grants Scottsdale's motion.

## Background

Scottsdale is an insurance company with its principal place of business in Scottsdale, Arizona. R. 1 ¶ 2. The Sorgs are residents of Illinois who own a property

located at 240 N. Menard Avenue, Chicago, Illinois. R. 1 Ex. B ¶¶ 3–6, 9. Gugly, an Illinois corporation, managed and maintained the property, which the Sorgs rented to residential tenants. *Id.* ¶¶ 10–11.

Scottsdale issued the following insurance policies to Gugly: CPS7471209, effective 11/25/2021 to 11/25/2022; CPS7688163, effective 11/25/2022 to 11/25/2023; and CPS7897528, effective 11/25/2023 to 11/25/2024. R. 1 ¶ 9. Each of these policies contains an "Insuring Agreement" applicable to "bodily injury" liability coverage, which states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply . . . .

*Id.* ¶ 10. The 2021–2022 and 2022–2023 policies contain a "Lead Contamination Exclusion Endorsement," which states:

> This policy does not apply to:
>
> 1. Any damages arising out of the ingestion, inhalation or absorption of lead in any form.
> 2. Any loss, cost or expense arising out of any:
>    (a) Request, demand or order that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of lead; or
>    (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of lead.

*Id.* ¶ 11. The 2023–2024 policy contains an "Exclusion–Designated Chemicals, Compounds, Energy, Material or Substances Endorsement," which states:

> This insurance does not apply to:
>
> 7. Lead Contamination
>
> (a) "Bodily injury" … arising out of, caused by, based on, or in any way related to the actual, alleged, threatened, or suspected inhalation of, ingestion of, contact with, exposure to, existence of, or presence of lead in any form.
>
> (b) Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of lead by any insured or by any other person or entity.

*Id.* ¶ 12.

From October 2022 to October 2024, Kearra Hodges and her daughter, Kamille Johnson Hodges, rented and resided in a unit at 240 N. Menard. R. 1 Ex. B ¶¶ 12–13. On June 2, 2025, Kearra Hodges filed a complaint in the Circuit Court of Cook County against Gugly and the Sorgs alleging that her daughter sustained bodily injuries due to ingesting flakes of lead paint while they were tenants in the Menard property. *See generally* R. 1 Ex. B. The complaint brought seven counts of premises liability, negligence, and violations of the Family Expense Act, 750 Ill. Comp. Stat. Ann. 65/15, for failing to warn of a hazardous condition, failing to inspect the property for lead paint, failing to remove the lead paint, failing to encapsulate the lead paint, and failing to keep up the property. [1] *Id.* All of the claims are premised on lead exposure. *Id.*

Scottsdale is defending Gugly and the Sorgs in the pending lawsuit entitled *Kamille Johnson Hodges, et al v. Gugly Inc., et al.*, Case No. 2025L007049, pursuant

[1] On August 7, 2026, Kearra Hodges filed an amended complaint adding two additional counts of premises liability still based on Kamille Johnson Hodges's exposure to lead paint. R. 41 Ex. A.

to a full and complete reservation of rights to disclaim a duty to defend and indemnify and to withdraw from their defense. R. 1 ¶¶ 1, 16. On December 17, 2025, Scottsdale filed a complaint for declaratory judgment before this Court based on diversity jurisdiction seeking a judicial declaration that it does not have the duty to defend or indemnify Gugly or the Sorgs. *Id.* ¶¶ 1, 6. On April 8, 2026, Scottsdale moved for judgment on the pleadings. R. 23.

**Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In deciding a Rule 12(c) motion, the Court may consider only the pleadings, which include "the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020) (citations omitted). "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Id.*

**Discussion**

The only issue here is whether Scottsdale has a duty to defend or indemnify Gugly and the Sorgs. Under Illinois law, the construction of an insurance policy is a question of law. *Sokol v. Atlantic Mut. Ins. Co.,* 430 F.3d 417, 420 (7th Cir. 2005).

Because an insurer's duty to defend is broader than its duty to indemnify, if it has no duty to defend, it has no duty to indemnify. *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). To determine whether an insurer has a duty to defend, a court examines "the underlying complaint and the language of the insurance policy." *Id.* The insurer's duty to defend arises if the allegations in an "underlying complaint fall within, or potentially within, the policy's coverage[.]" *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010) (quoting *Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 611 F.3d 339, 346 (7th Cir. 2010)). "The allegations in the underlying complaint must be liberally construed in favor of the insured." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 125 (1992).

A court reads the insurance policy as a whole and gives the policy's clear and unambiguous terms their plain and ordinary meaning. *Traveler's Ins. Co. v. Eljer Mfg., Inc.*, 197 Ill. 2d 278, 292–93 (2001). "Conversely, if the language of the policy is susceptible to more than one meaning, it is considered ambiguous and will be construed strictly against the insurer who drafted the policy and in favor of the insured." *Id.* at 293. A court should not, however, strain to find an ambiguity where none exists. *Id.*

One way for an insured's claim to fall outside of a policy's coverage is for it to fall within an exclusion, so long as applicability of the exclusion is "clear and free from doubt." *Zurich Am. Ins. Co. v. Ocwen Fin. Corp.,* 990 F.3d 1073, 1078 (7th Cir. 2021). It is the insurer's burden to prove that an exclusion applies, but the burden is

on the insured to prove that an exception (if any exists) preserves coverage. *Icarus Holdings 2, LLC v. AmGUARD Ins. Co.,* 601 F. Supp. 3d 314, 322 (N.D. Ill. 2022).

Gugly and the Sorgs admit to the existence, issuance, and controlling language of the insurance policies, including the lead contamination exclusions. R. 15 ¶¶ 9–12. However, they maintain, without reason, that Scottsdale has a duty to defend because the Hodges' allegations meet the definition of a "bodily injury." R. 32 at p. 4. But Gugly and the Sorgs do not argue that the lead contamination exclusions do not apply. Indeed, they ignore entirely that the policies clearly and unambiguously exempt coverage for any bodily injury arising out of the ingestion of lead. And because the underlying complaint solely alleges bodily injury suffered as a result of ingesting lead-based paint, the exclusions undoubtedly apply.

In another case involving the same parties and factual allegations, the court determined that another insurance company had no duty to defend Gugly and the Sorgs because "[e]very claim in the underlying complaint pertains to bodily injury caused by lead and is excluded from coverage by the lead poisoning exclusion." *Merrimack Mut. Fire Ins. Co. v. Gregory Sorg, et al.*, 25 C 08825, Dkt. 47 at 7 (N.D. Ill. Apr. 15, 2026). In that case, the insurance exclusion exempted bodily injury due to "lead poisoning." *Id.* The court relied on the fact that "[t]he ordinary meaning of lead poisoning is sickness that results from the exposure to and absorption of lead" and the "exclusion is unambiguous in referring to injuries that result from exposure to and absorption of lead." *Id.* Here, the exclusions are not limited to poisoning and broadly encompass damages due to bodily injury based on "the ingestion, inhalation

or absorption of lead in any form" or "the actual, alleged, threatened, or suspected inhalation of, ingestion of, contact with, exposure to, existence of, or presence of lead in any form." R. 1 ¶¶ 9–12. Thus, the allegations of ingesting flakes of lead paint fall squarely within the scope of the lead contamination exclusions. *See Pope ex rel. Pope v. Economy Fire & Casualty Co.*, 335 Ill. App. 3d 41, 49 (2002) (holding that a lead paint exclusion precluded insurance coverage for allegations "premised upon exposure to lead-based paint and lead paint dust").

Because the applicability of the lead contamination exclusions is clear and free from doubt, Scottsdale owes no duty to defend or indemnify Gugly and the Sorgs in the underlying lawsuit. Scottsdale is thus entitled to judgment as a matter of law.

**Conclusion**

For the foregoing reasons, the Court grants Scottsdale's motion for judgment on the pleadings.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: October 20, 2026